**Thresa Lynn WILLIAMS,**
**Plaintiff–Appellant,**

**v.**

**ALABAMA PUBLIC HEALTH DE-PARTMENT, Ravonda Stephens, Defendants–Appellees.**

**Thresa Lynn Williams, Plaintiff–Appellant,**

**v.**

**Alabama Medicaid Agency, Deborah Poe, Wency Mcmeans, Agents for Alabama Medicaid Agency, Defendants–Appellees.**

**No. 05–13659**
**Non–Argument Calendar.**
**D.C. Docket Nos. 04–03461–CV–1–KOB & 04–03462–CV–1–K.**

United States Court of Appeals, Eleventh Circuit.

Dec. 14, 2005.

Thresa Lynn Williams, Talladega, AL, pro se.

Phillip Brian Hale, Office of General Counsel, Montgomery, AL, for Defendants–Appellees.

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

On December 17, 2004, Thresa Lynn Williams filed a *pro se* complaint against

the Alabama Public Health Department and Ravonda Stephens, alleging acts of harassment during her employment as an outstation medicaid eligibility specialist. The district court construed her complaint as a 42 U.S.C. § 1983 hostile work environment action. On May 27, 2005, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Williams appeals from that order.[1]

To establish a hostile work environment claim, Williams must show that: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for the environment under either a theory of vicarious or direct liability. *See Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir.2002).

The district court had authority to dismiss Williams' case if it determined that her action was frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A case is frivolous if the factual allegations are clearly baseless or if it is based on a "indisputably meritless legal theory." *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). We review the district's court dismissal of Williams' claim for frivolity only for an abuse of discretion. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.2001).

The district court did not abuse its discretion in dismissing Williams' case as friv-olous. Williams' allegations are insufficient to meet the third prong of a hostile work environment claim. She alleged that her co-workers' conduct was annoying and unprofessional but failed to allege that it was attributable to her membership in a protected category. For this reason, Williams does not have a legally cognizable hostile work environment claim under § 1983. Her claim is based on an indisputably meritless legal theory. Accordingly, the district court did not abuse its discretion in dismissing Williams' claim as frivolous.

**AFFIRMED.**